Green, J.
delivered the opinion of the court.
In this case, the only question for the decision of the court is, whether the circuit judge erred in deciding, that the plaintiff below had no right to recover the notary’s fees for the protest of the note upon which the suit was brought.
The declaration alleges, that the note was presented to the cashier of the Bank, where the same was payable, and payment thereof duly demanded by Alpha Kingsley, who was notary public, and authorized to make demand, and that payment was refused. There is no allegation that the note was protested for non-payment, whereby the expenses of the protest were incurred, and thereby to entitle the plaintiff to recover for the fees' of the notary. A protest is not the necessary consequence of the nonpayment of a note, and therefore the allegation, that the note was not paid when due, although payment was demanded, does not contain within itself, as a consequence, the allegation, that the note was protested, for the law will *157 not intend that such was the fact. The truth is, that in . . ~ /* -i « i . i . i a great majority oí cases oí this land, no protest is made. But the rule is, that the plaintiff must state in his decía-ration the damages arising from the breach of contract, specially and circumstantially, except in cases where the damages may be presumed necessarily to result from the breach; otherwise the defendant would not be apprised of the facts intended to be proved; and, therefore, a plaintiff is not permitted to introduce proof of facts which he has not alleged to exist. 1 Ch. Pl. 204. Applying this rule to the present case, it is clear, that no evidence of the protest could properly have been heard, and that no recovery therefor, ought to have been allowed.
Judgment affirmed.